**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| THOMAS & VALERIE LYNCH, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No: 4:23-cv-00267-BP ) |
| BELFOR USA GROUP, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT BELFOR USA GROUP, INC.'S ANSWER TO
PLAINTIFFS' PETITION FOR DAMAGES AND COUNTERCLAIM**

Defendant Belfor USA Group, Inc. ("Belfor"), by and through counsel, and for its Answer to Plaintiffs Thomas and Valerie Lynches' ("Plaintiffs") Petition for Damages, states as follows:

1. Belfor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Petition and, therefore, denies the same.

2. Belfor admits that it is a corporation and that it is registered to do business in the State of Missouri. Belfor denies the remaining allegations contained in paragraph 2 of the Petition not expressly admitted herein.

3. Belfor admits the allegations contained in paragraph 3 of the Petition.

4. Belfor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Petition and, therefore, denies the same.

5. With respect to paragraph 5 of Plaintiffs' Petition, Belfor admits that it entered into a contract ("Contract") with Plaintiffs and further states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 5 of

Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 5 of Plaintiffs' Petition.

6. Belfor denies the allegations contained in paragraph 6 of the Petition. No exhibit A is attached to the Petition filed with the Court.

## Jurisdiction and Venue

7. Paragraph 7 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor denies the allegations contained in paragraph 7 of the Petition.

8. Paragraph 8 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Petition and, therefore, denies the same.

## Facts Common to All Counts

9. With respect to paragraph 9 of Plaintiffs' Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 9 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 9 of Plaintiffs' Petition.

10. With respect to paragraph 10 of Plaintiffs' Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 10 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 10 of Plaintiffs' Petition.

11. With respect to paragraph 11 of Plaintiffs' Petition, Belfor admits that it removed some of Plaintiffs' personal property from their house, some of which was discarded and some of which was transported from the Plaintiffs' house and then stored at Belfor's warehouse pursuit to Plaintiff's instructions. Belfor denies the remaining allegations of paragraph 11 of Plaintiff's Petition.

12. Belfor denies paragraph 12 of Plaintiffs' Petition, as stated.

13. With respect to paragraph 13 of Plaintiffs' Petition, Belfor denies that it has a duty to return Plaintiffs' personal property until Plaintiffs agree to pay for the services performed by Belfor as to Plaintiffs' personal property. To date, Plaintiffs have failed to make or allow payment to be made to Belfor regarding the services it rendered as to Plaintiffs' personal property. Belfor denies the remaining allegations contained in paragraph 13 of Plaintiffs' Petition.

14. Belfor denies the allegations contained in paragraph 14 of Plaintiffs' Petition.

15. Belfor denies the allegations contained in paragraph 15 of Plaintiffs' Petition. Further, Belfor affirmatively states that it was put off the project by Plaintiffs before they could finish the original scope of work as amended by change orders and address punch list items.

16. Belfor denies the allegations contained in Paragraph 16 of Plaintiffs' Petition.

17. With respect to paragraph 17 of Plaintiffs' Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 17 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 17 of Plaintiffs' Petition.

18. With respect to paragraph 18 of Plaintiffs' Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is

not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 18 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 18 of Plaintiffs' Petition.

19. Belfor denies paragraph 19 of Plaintiffs' Petition.

20. Belfor denies paragraph 20 of Plaintiffs' Petition.

21. Belfor denies paragraph 21 of Plaintiffs' Petition.

22. Belfor denies paragraph 22 of Plaintiffs' Petition, as stated, and affirmatively states that Plaintiffs did not allow Belfor to complete the work.

23. Belfor denies the allegations contained in paragraph 23 of the Petition.

## Count I – Breach of Contract

24. Belfor adopts and incorporates the above answers to paragraphs 1 through 23 of Plaintiffs' Petition for Damages as though fully set forth herein.

25. With respect to paragraph 25 of Plaintiff's Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 25 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 25 of Plaintiffs' Petition.

26. With respect to paragraph 26 of Plaintiff's Petition, Belfor states that the Contract speaks for itself and, therefore, a response to the allegations regarding the terms of the Contract is not necessary. To the extent a response is deemed necessary, Belfor denies the allegations in paragraph 26 of Plaintiffs' Petition to the extent they conflict with the terms of the Contract. Belfor denies the remaining allegations of paragraph 26 of Plaintiffs' Petition.

27. Belfor denies the allegations, including all sub-parts, contained in paragraph 27 of the Petition.

28. Belfor denies the allegations contained in paragraph 28 of the Petition.

29. Belfor denies the allegations contained in paragraph 29 of the Petition.

30. With respect to paragraph 30, Belfor admits that Plaintiffs terminated the Contract. Belfor denies the remaining allegations contained in paragraph 30 of the Petition.

31. Belfor denies the allegations contained in paragraph 31 of the Petition.

32. Belfor denies the allegations contained in paragraph 32 of the Petition.

WHEREFORE Defendant Belfor USA Group, Inc., having answered all allegations contained within Count I of Plaintiffs' Petition for Damages, requests that the Court dismiss Count I with prejudice, and for such other and further relief as the Court deems just and proper.

## Count II – Negligent Supervision

33. Belfor adopts and incorporates the above answers to paragraphs 1 through 32 of Plaintiffs' Petition for Damages as though fully set forth herein.

34. Paragraph 34 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor admits the duties imposed on it by applicable law but denies that it breached any such duties. Belfor denies the remaining allegations contained in paragraph 34 of the Petition.

35. Belfor denies the allegations contained in paragraph 35 of the Petition.

36. Belfor denies the allegations contained in paragraph 36 of the Petition.

37. Belfor denies the allegations contained in paragraph 37 of the Petition.

38. Belfor denies the allegations contained in paragraph 38 of the Petition.

WHEREFORE Defendant Belfor USA Group, Inc., having answered all allegations contained within Count II of Plaintiffs' Petition for Damages, requests that the Court dismiss Count II with prejudice, and for such other and further relief as the Court deems just and proper.

## Count III – Negligent Misrepresentation

39. Belfor adopts and incorporates the above answers to paragraphs 1 through 38 of Plaintiffs' Petition for Damages as though fully set forth herein.

40. Paragraph 40 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor admits the duties imposed on it by applicable law but denies that it breached any such duties. Belfor denies the remaining allegations contained in paragraph 40 of the Petition.

41. Belfor denies the allegations contained in paragraph 41 of the Petition.

42. Belfor denies the allegations contained in paragraph 42 of the Petition.

43. Belfor denies the allegations contained in paragraph 43 of the Petition.

44. Belfor denies the allegations contained in paragraph 44 of the Petition.

45. Belfor denies the allegations contained in paragraph 45 of the Petition.

46. Belfor denies the allegations contained in paragraph 46 of the Petition.

47. Belfor denies that it made misrepresentations to Plaintiffs and denies the remaining allegations contained in paragraph 47 of the Petition.

48. Belfor denies that it made misrepresentations to Plaintiffs and denies the remaining allegations contained in paragraph 48 of the Petition.

49. Belfor denies the allegations contained in paragraph 49 of the Petition.

50. Belfor denies the allegations contained in paragraph 50 of the Petition.

51. Belfor denies that it made misrepresentations to Plaintiffs and states that Paragraph 51 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor denies the allegations contained in paragraph 51 of the Petition.

52. Belfor denies that it made misrepresentations and states that Paragraph 52 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor denies the allegations contained in paragraph 52 of the Petition.

53. Belfor denies the allegations contained in paragraph 53 of the Petition.

54. Belfor denies the allegations contained in paragraph 54 of the Petition.

WHEREFORE Defendant Belfor USA Group, Inc., having answered all allegations contained within Count III of Plaintiffs' Petition for Damages, requests that the Court dismiss Count III with prejudice, and for such other and further relief as the Court deems just and proper.

## Count IV – Fraud

55. Belfor adopts and incorporates the above answers to paragraphs 1 through 54 of Plaintiffs' Petition for Damages as though fully set forth herein.

56. Paragraph 56 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor admits the duties imposed on it by applicable law but denies that it breached any such duties. Belfor denies the remaining allegations contained in paragraph 56 of the Petition.

57. Belfor denies the allegations contained in paragraph 57 of the Petition.

58. Belfor denies the allegations contained in paragraph 58 of the Petition.

59. Belfor denies the allegations contained in paragraph 59 of the Petition.

60. Belfor denies the allegations contained in paragraph 60 of the Petition.

61. Belfor denies the allegations contained in paragraph 61 of the Petition.

62. Belfor denies the allegations contained in paragraph 62 of the Petition.

63. Belfor denies that it made misrepresentations to Plaintiffs and denies the remaining allegations contained in paragraph 63 of the Petition.

64. Belfor denies that it made misrepresentations to Plaintiffs and denies the remaining allegations contained in paragraph 64 of the Petition.

65. Belfor denies the allegations contained in paragraph 65 of the Petition.

66. Belfor denies the allegations contained in paragraph 66 of the Petition.

67. Belfor denies that it made misrepresentations to Plaintiffs and denies the remaining allegations contained in paragraph 67 of the Petition.

68. Belfor denies that it made misrepresentations to Plaintiffs and states that Belfor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 68 of the Petition and, therefore, denies the same.

69. Belfor denies that it made misrepresentations to Plaintiffs and states that Paragraph 69 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor denies the allegations contained in paragraph 69 of the Petition.

70. Belfor denies that it made misrepresentations to Plaintiffs and states that Paragraph 70 of Plaintiffs' Petition states legal conclusions to which no response is required. To the extent a response is required, Belfor denies the allegations contained in paragraph 70 of the Petition.

71. Belfor denies the allegations contained in paragraph 71 of the Petition.

WHEREFORE Defendant Belfor USA Group, Inc., having answered all allegations contained within Count IV of Plaintiffs' Petition for Damages, requests that the Court dismiss Count IV with prejudice, and for such other and further relief as the Court deems just and proper.

## Count V – Missouri Merchandising Practices Act

72. Belfor adopts and incorporates the above answers to paragraphs 1 through 71 of Plaintiffs' Petition for Damages as though fully set forth herein.

73. Belfor denies the allegations contained in paragraph 73 of the Petition.

74. Belfor denies the allegations contained in paragraph 74 of the Petition.

75. Belfor denies the allegations contained in paragraph 75 of the Petition.

76. Belfor denies the allegations contained in paragraph 76 of the Petition.

77. Belfor denies the allegations contained in paragraph 77 of the Petition.

78. Belfor denies the allegations contained in paragraph 78 of the Petition.

79. Belfor denies the allegations contained in paragraph 79 of the Petition.

WHEREFORE Defendant Belfor USA Group, Inc., having answered all allegations contained within Count V of Plaintiffs' Petition for Damages, requests that the Court dismiss Count V with prejudice, and for such other and further relief as the Court deems just and proper.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Belfor denies each and every allegation in Plaintiffs' Petition for Damages not otherwise specifically admitted herein.

2. Plaintiffs' Petition fails to state a claim against Belfor upon which relief can be granted. Belfor denies liability for the work described in Plaintiffs' Petition and that Belfor's work caused the damages alleged.

3. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate, minimize or avoid the damages alleged.

4. Plaintiffs' claims are barred as a result of their own prior material breach of the Contract. Belfor provided mitigation services for both contents and structure and continued to

remediate and rebuild the Property. Belfor performed all work in a good and workmanlike manner as set forth in the Contract. Belfor was then put off the project by Plaintiffs before Belfor could finish the original scope of work as amended by change orders and address punch list items. Plaintiffs canceled the Contract and terminated Belfor without providing Belfor with notice and opportunity to cure any defects alleged, which Belfor denies. Plaintiffs breached the Contract by delaying or preventing the payment of any insurance drafts for work performed and owed under the Contract. Despite Belfor's demands for payment, Plaintiffs refused and continue to refuse to pay Belfor in material breach of the terms and obligations under the Contract.

5. Belfor's performance under the Contract or actions, if any, in breaching the Contract are excused.

6. If Plaintiffs sustained any damages, which Belfor denies, Plaintiffs damages were caused or contributed to be caused by the intervening acts, superseding acts, and subsequent conduct or fault on the part of persons or parties over which Belfor neither had control, nor the right of control.

7. Any damages allegedly sustained by Plaintiffs, which Belfor expressly denies, were directly and/or proximately caused or contributed to by the negligence or fault of other persons or entities not within Belfor's control.

8. Any damages allegedly sustained by Plaintiffs, which Belfor expressly denies, were not caused or contributed to in any degree by any negligence, fault or wrongdoing on the part of Belfor or Belfor's agents, employees or contractors.

9. Any damages allegedly sustained by Plaintiffs were caused, in whole or in part, by the acts or omissions of Plaintiffs or others not under Belfor's control, and if the trier-of-fact should assess a percentage of fault against Belfor, which fault is specifically denied, then Belfor's fault

should be compared with the fault of Plaintiffs or others not under Belfor's control, and Plaintiffs' recovery should be barred or reduced in accordance with the law of comparative fault. Belfor reserves the right to identify additional bases for comparative fault against Plaintiffs and others as may be learned through discovery.

10. Plaintiffs' own actions and/or intervening acts caused or contributed to cause any delay in completion of the project and are not attributable to Belfor, including as follows:

   a. Delays in the issuance of building permits for the rebuild phase of the project because the existing structure had previously been altered without first obtaining required building permits. Specifically, the Property was zoned as a duplex, but Plaintiffs had modified the structure to change the usage from a duplex to a single-family dwelling. Because the existing use of the building was not consistent with municipal records for the Property, the municipal building department required additional engineering and modifications prior to issuing building permits.

   b. The COVID-19 pandemic resulted in delays due to government-ordered shut-downs, labor shortages, materials shortages, and delays in scheduling municipal inspections.

   c. Delays related to increases in scope. There were multiple changes to the scope and design of repairs requested by Plaintiffs, and delays associated with getting approval to move forward with additional repairs. The changes to the scope, materials, and layout resulted in delays in project completion.

   d. Delays related to Plaintiffs' failure to timely submit their materials selections to Belfor.

11. Plaintiffs damages, if any, by failing to occupy the Property are attributable to Plaintiffs and not attributable to Belfor and are entirely out of Belfor's control, in that:

   a. The local municipal building department is refusing to issue a certificate of occupancy because of the unpermitted, unauthorized, and uninspected alterations to the Property that were completed by Plaintiffs prior to contracting with Belfor.

   b. The deck, in its current state, will not pass an occupancy inspection. Repairs to the deck were not included in Belfor's scope of work, and accordingly, Belfor had no control over when these repairs would be completed.

12. If Plaintiffs were damaged as alleged, which Belfor expressly denies, to the extent allegations of fault remain as to Belfor, the fault of Plaintiffs and/or other persons or entities involved in the repair and rebuild of Plaintiffs' home should be compared and/or apportioned so as to diminish or preclude recovery from Belfor.

13. In the event of a settlement prior to the conclusion of trial by any other person, whether or not a party to this case, Belfor is entitled to a reduction of and/or set-off pursuant to § 537.060, RSMo., for the stipulated amount of the agreement or in the amount of consideration paid, whichever is greater.

14. Plaintiffs' claims are barred in whole or in part under the doctrines of waiver, laches, and/or estoppel.

15. Belfor has a common law Artisan's lien with respect to Plaintiffs' personal property in storage and Belfor is entitled to retain possession of the Plaintiffs' personal property until Belfor is paid for its services regarding the personal property. Belfor packed, transported, cleaned, repaired, improved, and stored Plaintiffs' contents as instructed by the Plaintiffs and as part of Belfor's scope of work pursuant to the Contract. Belfor furnished labor and materials to pack, transport, clean, repair and/or improve, and store the Plaintiffs' contents and has the right to retain possession of the personal property until Belfor is paid. To date, Plaintiffs have failed to make or allow payment to be made to Belfor regarding the services it rendered as to Plaintiffs' personal property.

16. Belfor is entitled to receive the insurance proceeds from Plaintiffs' insurer, State Farm Fire and Casualty Company, for the charges associated with Belfor's cleaning and storing of the Plaintiffs' personal property in exchange for Belfor releasing the personal property. Despite

Belfor's demands for payment, Plaintiffs are withholding payment and Belfor has continued to store the Plaintiffs' contents.

17. Belfor reserves the right to raise additional affirmative defenses as may be learned through discovery.

WHEREFORE Defendant Belfor USA Group, Inc., having answered and responded to each of the allegations contained in Plaintiffs' Petition for Damages and asserted its affirmative defenses, prays that this Court dismiss Plaintiffs' Petition for Damages with prejudice, that judgment be entered in its favor, for its costs and reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Defendant Belfor USA Group, Inc. ("Belfor"), by and through undersigned counsel, and for its Counterclaim against Plaintiffs Thomas and Valerie Lynch ("Plaintiffs"), states as follows:

### General Allegations

1. Belfor is a Colorado corporation that is authorized to conduct business in the State of Missouri.

2. Plaintiffs Thomas and Valerie Lynch ("Plaintiffs") are individuals and citizens of the State of Missouri residing in Jackson County, Missouri.

3. On December 24, 2019, Belfor and Plaintiffs entered into a Contract for various construction and improvements related to the residence situated on and in connection with the real property and premises located at 13329 Walnut Street, Kansas City, Missouri 64145 (the "Property"). A true and correct copy of the Contract is attached as **Exhibit A** and is incorporated herein by reference.

4. Pursuant to the Contract, Plaintiffs transferred, assigned, and conveyed to Belfor their right, title and interest in and to the insurance policy proceeds and all drafts for work performed or to be performed. *See* **Ex. A**.

5. Further, Plaintiffs directed their insurer to make Belfor a payee on all insurance drafts issued for Belfor's scope of work. *See* **Ex. A**.

6. Plaintiffs also agreed to immediately endorse and tender all drafts as produced to Belfor. *See* **Ex. A**.

7. Belfor fully performed and complied with all terms and conditions of the Contract.

8. Despite Belfor's demands for payment, Belfor has not been paid the amounts due and owing to it by Plaintiffs under the Contract.

9. The Contract provides that "[i]f for any reason the amount due under this [Contract] is not paid when due, [Belfor] shall be entitled to its expenses and attorneys fees incurred in the collection of this agreement with interest on the unpaid balance at the rate of 1.5% per month or the rate prescribed by law." **Ex. A**.

10. Belfor is entitled to recover its attorneys' fees, expenses, and interest from Plaintiffs, in an amount to be determined at trial.

## Count I – Breach of Contract

11. Belfor adopts and incorporates by reference each of the allegations contained in paragraphs 1 through 10 of the Counterclaim.

12. Belfor and Plaintiffs entered into a Contract in which Belfor agreed to provide mitigation services for both contents and structure following a fire at the Plaintiffs' residence, in exchange for Plaintiffs' insurer's payment of insurance proceeds.

13. Belfor provided all labor, equipment and materials required to properly repair the real property.

14. Belfor performed all work in a good and workmanlike manner as set forth in the Contract.

15. Pursuant to the Contract, Plaintiffs transferred, assigned, and conveyed to Belfor their right, title, and interest in and to the insurance policy proceeds and all drafts issued for work performed by Belfor, and directed their insurer to make Belfor a payee on all insurance drafts issued for Belfor's scope of work.

16. Belfor's expectation is that it will be paid in full for all work completed prior to termination as required by the Contract.

17. Between December 24, 2019 and August 2021, Belfor provided mitigation services for both contents and structure and continued to remediate and rebuild the Property.

18. On August 24, 2021, Plaintiffs advised Belfor that they were canceling the Contract and terminating Belfor from the project based on allegations of nonperformance and poor performance.

19. Plaintiffs refused to provide Belfor with adequate notice and opportunity to cure any defects alleged, which Belfor denies, prior to canceling the Contract and terminating Belfor from the project.

20. The total balance owed to Belfor is $266,491.03.

21. This includes amounts owed by Plaintiffs' insurer, State Farm Fire and Casualty Company, for the insurance approved scope of work, supplemental work completed, and contents-related storage.

22. Plaintiffs breached the Contract with Belfor by delaying or preventing the payment of any insurance drafts for work performed and owed under the Contract.

23. Further, Plaintiffs have not made any payments for supplemental work performed by Belfor outside of the scope of work approved by Plaintiffs' insurer.

24. Despite Belfor's demands for payment, Plaintiffs refused and continue to refuse to pay Belfor in material breach of the terms and obligations under the Contract.

25. As a direct and proximate of Plaintiffs' breach of the Contract, Belfor has been damaged.

26. Belfor has sustained damages in the total amount of $266,491.03, together with interest from the date of the breach, expenses, and reasonable attorneys' fees.

WHEREFORE Defendant/Counterclaim Plaintiff Belfor USA Group, Inc. requests that this Court enter judgment in its favor and against Plaintiffs for a money judgment in the amount of $266,491.03, for pre-judgment and post-judgment interest, for its costs and reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

### Count II – Quantum Meruit

27. Belfor adopts and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of the Counterclaim.

28. Belfor provided Plaintiffs with remediation and rebuild work at Plaintiffs' request and under a Contract.

29. Belfor also inventoried, packed, cleaned, transported, and stored Plaintiffs' personal property contents.

30. Plaintiffs have failed and refused to pay the reasonable value of these services, despite Belfor's demands.

31. It would be inequitable and unjust to allow Plaintiffs to retain the benefit of this work without paying for it.

32. As a result, Plaintiffs are indebted to Belfor in the amount of $266,491.03.

33. Belfor has made multiple demands for payment of all amounts due and owing to it by Plaintiffs, but Plaintiffs have failed to pay the amounts due and owing.

34. Plaintiffs have acted in bad faith by retaining these benefits at the expense of Belfor. This conduct demonstrates malice toward Belfor, and the retention of these benefits was committed with reckless indifference to the rights and duties Plaintiffs owed to Belfor.

WHEREFORE Defendant/Counterclaim Plaintiff Belfor USA Group, Inc. requests that this Court enter judgment in its favor and against Plaintiffs for a money judgment in the amount of $266,491.03, for pre-judgment and post-judgment interest, for its costs and reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: /s/ *Paul M. Croker*
Paul M. Croker #57000
Pamela J. Winter #68087
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
pcroker@atllp.com
pwinter@atllp.com

ATTORNEYS FOR DEFENDANT
BELFOR USA GROUP, INC.

## CERTIFICATE OF SERVICE

       I hereby certify that on this 26th day of April, 2023, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                              /s/ *Paul M. Croker*